IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TUGIRLS, INC. d/b/a JUSTINA TUSHAK CPA, EA & COMPANY,** | Civil Action No. 1:22-cv-00086-CB |
| **Plaintiff,** | Associated Cases |
| v. | 1:22-cv-00050-CB<br>2:22-cv-00409-CB |
| **KINGFLY SPIRITS, LLC, formerly doing business as PORT OF PITTSBURGH DISTILLERY, LLC.,** | |
| **Defendant,** | |
| v. | **JURY TRIAL DEMANDED** |
| **BLAKE RAGGHIANTI,**<br>**Additional Defendant,** | |
| v. | |
| **EBBREZZA, INC. and MARK J. WILLSON,**<br>**Additional Defendants.** | |

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR REMAND**

AND NOW, comes Defendant, Kingfly Spirits, LLC ("Kingfly") by and through its attorneys George R. Farneth II, Esquire and The Farneth Law Group, LLC jointly with Additional Defendants Ebbrezza, Inc. ("Ebbrezza") and Mark J. Willson ("Willson") (collectively, "Respondents") by and through their attorneys Nicholas A. Miller, Esquire and Brenlove & Fuller, LLC and file this Memorandum of Law in Opposition to Motion for Remand and in support thereof states as follows:

## BACKGROUND

While on its face, the instant action appears to be a simple breach of contract claim ("Erie Case") filed in the Court of Common Pleas of Erie County, Pennsylvania for an unpaid accounting invoice, the implications of the facts alleged by Tugirls, Inc. ("Tugirls") and the factual averments and claims advanced by Kingfly go far beyond that of a simple collection matter. Verily, the events leading up to the Erie Case, as well as the Erie Case itself, are encapsulated in Respondents' civil RICO claims that were filed in the United States District Court for the Western District of Pennsylvania at 1:22-cv-00050-CB ("RICO Action").[1] The Complaint filed in the RICO Action at 1:22-cv-0050-CB is incorporated herein by reference as if fully set forth herein.

Tugirls originally commenced the Erie Case by filing a Complaint against Kingfly on October 5, 2020. (*See* Notice of Removal, Ex. 2). Tugirls filed an Amended Complaint on December 22, 2020. (*See* Notice of Removal, Ex. 14). Kingfly filed an Answer, New Matter, and Counterclaim to the Amended Complaint on February 27, 2021. (*See* Notice of Removal, Ex. 17). Additional Defendant, Blake Ragghianti ("Ragghianti") was joined in the Erie Case by a Complaint to Join Additional Defendant that was filed by Kingfly on August 23, 2021. (*See* Notice of Removal, Ex. 43). On July 27, 2021 Ragghianti filed a Praecipe for Writ of Summons to Join Additional Defendants against Ebbrezza and Willson, and on December 9, 2021 Ragghianti filed a Complaint to Join Ebbrezza and Willson. (*See* Notice of Removal, Ex. 46).

Kingfly, Willson, and Ebbrezza filed the RICO Action with this Court on February 11, 2022 and filed the Notice of Removal ("Removal") relating to the Erie Case on March 4, 2022 due to the presence of overlapping and substantially intertwined parties, facts, and questions of law.

---

[1] The case docketed with this Court at 2:22-cv-00409-CB (the "Allegheny Case") was removed from the Court of Common Pleas of Allegheny County, Pennsylvania and is associated with the RICO Action through overlapping parties, facts, and questions of law.

Tugirls filed a Motion for Remand and Brief in Support ("Motion") with this Court on April 1, 2022 arguing that the Erie Case should be remanded to the Court of Common Pleas of Erie County, Pennsylvania due to (i) the removal being untimely, and (ii) there being no uniform consent among defendants. However, in accordance with the Motion to Consolidate filed in the RICO Action on April 21, 2022 and this Memorandum of Law, Tugirls' Motion for Remand should be denied by this Court and this matter should be consolidated with the RICO Action.

## THIS COURT HAS JURISDICTION OVER THE ERIE CASE

28 U.S.C. 1367(a) contains a broad grant of supplemental jurisdiction for claims that "are so related" to a case already before a federal court that the claims "form part of the same case or controversy under Article III of the United States Constitution." Claims meet this "so related" requirement when the claims "derive a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (jurisdiction upheld). Within this structure, it is important to note that Supplemental Jurisdiction under § 1367(a) is a grant of jurisdiction to hear matters outside of federal question, but which echo similar facts.

This Court has original jurisdiction over the RICO Action pursuant to 28 U.S.C. § 1331 as the RICO Complaint involves alleged violations of the laws of the United States, including the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq*.

Since the facts pled in the Erie Case are substantially intertwined with the facts pled in RICO Case, this Court has supplemental jurisdiction over the claims made in the Erie Case, particularly because Kingfly is contending that Tugirls' very prosecution of the Erie Case is an illicit attempt to collect debts that are not owed by Kingfly by using fraudulent documents that were generated long after the dates they bear and is included in the predicate acts averred against Justina Tushak ("Tushak"), the owner of Tugirls in the RICO Action.

the very prosecution of the Erie Case is arguably an illicit attempt at the enforcement and collection of the predicate acts identified in the RICO Action involving Justina Tushak ("Tushak"), the owner of Tugirls.

## THE REMOVAL WAS TIMELY FILED

In the Erie Case, Kingfly is the Defendant and, as such, has the right to seek removal of the case to federal court. The only real issue for this Court to determine is whether Kingfly's removal was timely.

Here, the removal of the Erie Case is not governed by the initial pleading, but in accordance with 28 U.S.C § 1446 (b)(3) which states:

> "…if the case initiated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

(In its Memorandum of Law, Tugirls cited the same authority.)

It was only by happenstance during recent depositions in the Allegheny Case, that were strictly tailored to Kingfly's motion for injunctive relief in that case, that testimony and evidence came to light that unequivocally demonstrated that Respondents possessed the claims they brought in the RICO Action.

The Erie Case did not become removable via supplemental jurisdiction until the filing of the RICO Action which itself is properly before this Court under 28 U.S.C. § 1331 as involving matters of federal question. The Removal was filed less than thirty days after the Complaint was filed in the RICO Action. Thus, the Removal was timely filed.

Accordingly, Tugirls' Motion for Remand should be denied.

## DEFENDANTS HAVE CONSENTED TO REMOVAL

Tugirls' second alleged basis for remand of the Erie Case, that all defendants did not consent to the removal, is also fatally flawed.

While conveniently not cited by Tugirls, Respondents are well aware of the general rule set forth by the United States Supreme Court in *Home Depot v. Jackson,* 139 S. Ct. 1743 (2019) where it was determined that only the original defendant could remove an action from state court to federal court. Kingfly, was and is the original and only defendant in the Erie Case, and it clearly consents to the Removal it filed. In its concerted effort to confuse this Court, Tugirls refers to Ragghianti as a defendant when, in reality, he is an additional defendant whose consent is not needed.[2] Nowhere in its Memorandum of Law did Tugirls acknowledge or address the *Home Depot* case or cite any other legal authority to support its contention that an additional defendant must consent to the removal of a case to federal court

For the reasons set forth above, the Removal was timely and proper, and Tugirls' Motion for Remand should be denied.

## SHOULD THIS COURT ULTIMATELY DETERMINE REMAND TO BE PROPER, A STAY SHOULD BE GRANTED, AND THE LETTER OF REMAND SHOULD BE HELD IN ABEYANCE

In their Complaint in the RICO Action, Respondents have set forth very serious accusations of criminal misconduct against Defendants. Even though Respondent's RICO Action is civil in nature, such civil RICO claims are succinctly described as quasi-criminal due to both the penalties involved and the potential investigation by the U.S. Attorney's Office.

Both Ragghianti and Tushak are defendants in the RICO Action in which they are alleged to have manufactured the Erie Case using fraudulent documents that were generated long after the

---

[2] Ragghianti was joined as an additional defendant on August 23, 2021, nearly eleven months after Tugirls originally filed the Erie Case.

dates they bear all in an attempt to legitimize the pertinent predicate acts asserted in the RICO Action.  There is little doubt that those defendants will assert their Fifth Amendment rights against self-incrimination throughout any discovery process and at trial in the RICO Action.  Should this Court elect to remand the Erie Case and discovery proceeds in that case, Ragghianti and Tushak will undoubtedly "plead the fifth" which will severely prejudice Kingfly's efforts to conduct discovery in the Erie Case.

Additionally, the parties, facts, and questions of law in the RICO Action, the Allegheny Case, and the Erie Case not only share a common nexus, but they are also substantially and inseparably intertwined with one another.  Should this Court grant Tugirls' Motion for Remand the parties will essentially have to conduct the same discovery in both cases, face separate trials in both cases, and there is a significant likelihood there will be inconsistent findings of fact and law between the two cases, none of which would serve the purposes of judicial economy, efficiency, and jurisprudence.

Accordingly, should this Court decide to grant Tugirls' Motion for Remand of the Erie Case, Respondents respectfully request that this Court issue an administrative stay of the Erie Case pending the conclusion of the RICO Action.

WHEREFORE, Respondents, Kingfly Spirits, LLC, Ebbrezza, Inc., and Mark J. Willson respectfully deny Tugirls' Motion for Remand or, in the alternative, issue an administrative stay of the Erie Case pending the conclusion of the RICO Action.

    Respectfully Submitted,
    **THE FARNETH LAW GROUP, LLC**

    By:/s/ George R. Farneth II
        George R. Farneth II, Esquire
        Pa. I.D. No. 53914
        445 Fort Pitt Blvd., Suite 160

        Pittsburgh, PA 15219
        412-977-7779
        grf@farnethlaw.com

*Attorneys for Kingfly Spirits, LLC*

Dated: April 22, 2022

**BRENLOVE & FULLER, LLC**

By: /s/ Nicholas A. Miller
    Nicholas A. Miller, Esquire
    Pa. I.D. No. 204141
    401 Washington Avenue
    Bridgeville, PA 15017
    nmiller@brenlovefuller.com

*Attorneys for Mark Willson
and Ebbrezza, Inc.*

Dated: April 22, 2022

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within **Memorandum of Law in Opposition to Motion for Remand** was served on all counsel of record electronically through ECF service on the 22nd day of April 2022.

          Respectfully Submitted,

          **BRENLOVE & FULLER, LLC**

By: /s/ Nicholas A. Miller
    Nicholas Miller, Esquire
    *Attorneys for Plaintiffs,*
    *Mark Willson and Ebbrezza, Inc*