IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TUGIRLS, INC, ) | | |
| ) | | |
| Plaintiff, ) | | Civil Action No. 22-86E |
| ) | | |
| v. ) | | Judge Cathy Bissoon |
| ) | | |
| KINGFLY SPIRITS, LLC, *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |

### **ORDER**

Plaintiff's Motion to Remand (Doc. 6) will be granted.

This is a simple case, filed in state court, wherein Plaintiff-account ("Tugirls") seeks to collect approximately $38,000 in outstanding bills allegedly owing by Defendants.  *See* Compl. (Doc. 1-2).  The Kingfly-affiliated entities (collectively, "Kingfly") have removed the case, asserting that Tugirls's claims are intertwined with Kingfly's later-filed civil RICO action, at Civil Action No. 22-50E (Bissoon, D.J., presiding).

Tugirls's claims sound in state law, and there is no support for Kingfly's assertion that they may be "federalized" by reference to its subsequent civil RICO action.  Contrary to Kingfly's suggestion, moreover, the Court cannot exercise supplemental jurisdiction when original jurisdiction is lacking.

Kingfly's removal also was untimely.  Kingfly appears to suggest that the 30-day period for removal began to run when it filed the RICO case in February 2022.  *See* Doc. 9 at 2.  Again, there is no legal support for the assertion that the removal period is indefinitely tolled pending a removing-party's decision to later file a different lawsuit.

Finally, as Tugirls highlights, not all Defendants to the state action have consented to removal.  *See* Doc. 7 (noting lack of indication that Defendant Blake Ragghianti consented to removal).  Kingfly suggests that, because it joined Ragghianti as an additional defendant (in August 2021), his consent is not required.  *See* Doc. 9 at 5.  The fact remains, however, that Ragghianti is a named defendant in the state action, and if legal authority supports Kingfly's position, counsel has failed to supply it.  *Cf. id.* (citing Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743 (2019), which merely stands for the proposition that a third-party counterclaim defendant cannot remove to federal court a claim filed against it).

Kingfly's alternative request that the state action be stayed, or remand held in abeyance, also lacks support.  The Court cannot stay a case over which it lacks jurisdiction, and it cannot properly delay remand merely because Kingfly wishes.

For all of these reasons, Tugirls's Motion to Remand (**Doc. 6**) is **GRANTED**, and this case is **REMANDED FORTHWITH** to the Court of Common Pleas of Erie County, Pennsylvania (Case No. 12021-2020).  Counsel for Kingfly is reminded, and expressly cautioned, regarding the mandates of Federal Rule of Civil Procedure 11, which, among other things, require that "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).

IT IS SO ORDERED.


November 14, 2022                                          s/Cathy Bissoon
                                                          Cathy Bissoon
                                                          United States District Judge

cc (via ECF email notification):

All Counsel of Record